IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Joey Hester and Kacie McElroy, Individually and as Personal Representatives of the Estate of Ruth Ann McElroy,<br><br>Plaintiffs,<br><br>v.<br><br>Blythe Construction Inc., Zachry Construction Corp., Johnson Mirmiran and Thompson Inc., Cowan Systems LLC, and John Allen Ferguson,<br><br>Defendants. | C/A No. 7:22-cv-01191-DCC<br><br><br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Johnson Mirmiran and Thompson Inc.'s ("JMT") Motion to Strike Certain Allegations of Plaintiffs' Amended Complaint. ECF No. 20. Plaintiffs did not file a Response to the Motion. For the reasons set forth below, the Motion is granted in part.

**BACKGROUND**

This case arises out of a multi-vehicle traffic accident that occurred on July 15, 2021, on Interstate 85 ("I-85"), near mile marker 90, in Cherokee County, South Carolina. ECF No. 17 at 1. Plaintiffs' father, Thomas Newman McElroy ("Thomas"), was driving his vehicle, in which his wife and Plaintiffs' mother, Ruth Ann McElroy ("Ruth"), was a passenger, when traffic on I-85 came to a stop. *Id.* at 6. Thomas stopped his vehicle behind the line of traffic, but Defendant John Allen Ferguson, who was driving a commercial truck for Defendant Cowan Systems LLC ("Cowan"), failed to stop and

crashed into the rear of Thomas's vehicle at approximately 60 miles per hour.  *Id.* at 6–7.  As a result of the accident, Thomas and Ruth sustained serious bodily injuries which proved fatal.  *Id.* at 7.

Plaintiffs filed this action in this Court to recover damages for Ruth's injuries and resulting death, alleging negligence claims and a claim for wrongful death against Defendants.  *Id.* at 8–11.  On August 16, 2022, JMT filed a Motion to Strike Certain Allegations of Plaintiffs' Amended Complaint.  ECF No. 20.  Plaintiffs did not file a Response to the Motion, and the deadline to do so has passed.  The Motion is now before the Court.

## APPLICABLE LAW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a party "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

## DISCUSSION

JMT requests that the Court strike the last sentence of paragraph 11 of Plaintiffs' Amended Complaint containing the price of the contract entered between Defendant Blythe Construction Inc. ("Blythe"), Defendant Zachry Construction Corp. ("Zachry"), and the South Carolina Department of Transportation ("SCDOT").  ECF No. 20.  JMT also

asks this Court to order Plaintiffs to submit Exhibits A and B referenced in their Amended Complaint without highlighted terms and with a redaction of financial terms.  *Id.*

The Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of the pleading is a drastic remedy . . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations and citations omitted).  "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Holland v. Beaufort Cnty.*, C.A. No. 9:20-CV-03479-DCN-MHC, 2021 WL 5991790, at *1 (D.S.C. Jan. 13, 2021) (quoting *Piontek v. Serv. Ctrs. Corp.*, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010)).

Upon review, the Court finds that the last sentence in Paragraph 11 of Plaintiffs' Amended Complaint containing the price of the contract entered between Blythe, Zachry, and SCDOT must be struck because it is immaterial to the claims raised in this case.  As pleaded, the contract price has no relation to either the claims asserted or the underlying facts necessary to state such claims.

In addition, should Plaintiffs decide to include Exhibits A and B referenced in their Amended Complaint, and to the extent that the documents are highlighted, the Court finds that Plaintiffs must submit those exhibits without highlighting if the highlighted portions were not highlighted in the original documents.  The Court defers any decision on JMT's request for a redaction of financial terms, unless and until such time that Plaintiffs include Exhibits A and B in their submissions to the Court.  At that time, the Court may review the

4

documents and determine whether redaction is appropriate. Accordingly, JMT's Motion to Strike is granted in part.

## CONCLUSION

For the reasons set forth above, Defendant Johnson Mirmiran and Thompson Inc.'s Motion to Strike [20] is **GRANTED IN PART** as set out.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 9, 2023
Spartanburg, South Carolina